CASE 7—INDICTMENT—OCTOBER 1, 1880.

## Herron v. The Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. Where an alternative punishment is denounced by the statute for an offense, the jury should be instructed and required to fix the kind and extent of the punishment, within the limits prescribed by the law.

2. It was error for the court, upon a verdict of guilty, to fix the punishment when it was in the alternative.

W. N. SWEENEY FOR APPELLANT.

1. The indictment charged appellant with setting up and keeping a faro bank.

2. The punishment is clearly in the alternative. The jury found simply a verdict of guilty.

Herron v. The Commonwealth.

3. The court erred in fixing the punishment. (Subsec. 2, sec. 257, secs. 258, 259, Criminal Code.)
4. It was the province of the court to instruct the jury as to their duty, not to usurp their functions. (Bishop's Criminal Law, vol. 1, secs. 838, 842.)

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

JUDGE HARGIS DELIVERED THE OPINION OF THE COURT.

It is provided by section six, article one, chapter forty-seven, of the General Statutes, that the penalty for setting up, exhibiting, or keeping faro banks shall be a fine of five hundred dollars and costs, and imprisonment until the same are paid, or imprisonment not more than one year, or both such fine and imprisonment, &c.

The indictment was for a violation of this section, and upon the trial, the jury, by their verdict, found the appellant "guilty as charged in the indictment."

This verdict was received, and judgment rendered thereon by the court for five hundred dollars and costs, and declaring the appellant infamous, and incapable of holding any office of honor, trust, or profit in this Commonwealth, and forever disqualified from exercising the right of suffrage.

To the reception of the verdict and rendition of the judgment the appellant objected and excepted.

By section 258 of the Criminal Code it is made the duty of the jury, in rendering verdicts of guilty, to "fix the degree of punishment to be inflicted, *unless the same be fixed by law.*"

This section means that if the law fixes the punishment, leaving no room for discretion on the part of the jury as to its kind or extent, then the law does not require them to fix the degree of punishment in their verdict.

But where an alternative or indefinite punishment is denounced by law for a given offense, there the jury must

be instructed, allowed, and required to fix the kind and extent of the punishment within the limits prescribed by the law.

It will be observed at once that if the jury had been directed to fix the punishment in this case, they might have imprisoned the appellant without the fine which the court assessed without the imprisonment. In this class of cases the punishment is not fixed by law, and the court erred in receiving the verdict and fixing the degree of appellant's punishment.

The judgment is reversed, and cause remanded, with directions to set aside the verdict and award a new trial.